[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10977
Non-Argument Calendar
_____

D.C. Docket No. 4:09-cr-00011-RLV-WEJ-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHERMAN EDWARD WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(September 17, 2014)

Before WILSON, WILLIAM PRYOR and ROSENBAUM, Circuit Judges.

PER CURIAM:

Sherman Edward Williams appeals his sentence of imprisonment of 192 months after being convicted of bank robbery, 18 U.S.C. § 2113(a), (d), and brandishing a firearm during a crime of violence, *id.* § 924(c)(1)(A). Williams argues that his sentence is both procedurally and substantively unreasonable. We affirm.

We review the reasonableness of a sentence under a deferential standard for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007).

Williams's sentence is procedurally and substantively reasonable. The district court, contrary to Williams's contention, did not treat the Guidelines as mandatory. The district court imposed Williams's sentence only after it had heard both Williams and the government make their respective arguments about what sentence would be "sufficient, but not greater than necessary, to comply with the purposes of sentencing." 18 U.S.C. § 3553(a).  And the record establishes that the district court considered the seriousness of the offense, the history of the defendant, and the guidelines range, and then determined that a sentence at the upper end of the range was adequate punishment.  The district court committed no abuse of discretion by placing greater emphasis on the nature of the offense than on Williams's rehabilitative efforts and criminal history.

**AFFIRMED.**

2